# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Paul L. Jones, ) | CASE NO.:  4:09CV2133 |
| ) | |
| Plaintiff, ) | JUDGE JOHN ADAMS |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Western Reserve Transit Authority, ) | |
| ) | |
| ) | |
| ) | |
| Defendant. ) | |

This matter appears before the Court on Plaintiff Paul Jones' motion to amend the complaint or in the alternative dismiss the complaint without prejudice.  Defendant Western Reserve Transit Authority ("WRTA") has responded in opposition, and Jones has replied.  For the reasons stated herein, the motion is DENIED.

I. Dismissal without prejudice

Fed.R. Civ.P. 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  "[T]he purpose of Rule 41(a)(2) is to protect the nonmovant, here the defendant[], from unfair treatment." *Bridgeport Music, Inc. v. Universal-MCA Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009). Whether dismissal should be granted under this rule is within the sound discretion of this Court.  *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994).  In analyzing a motion to dismiss under this rule, the Court must determine whether the defendant would suffer plain legal prejudice from a dismissal without prejudice.  In reviewing whether WRTA will suffer "plain legal prejudice," this Court must consider

factors such as "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.* at 718.

A review of these factors weighs heavily against dismissal. There is no question that WRTA has put in considerable effort and expense to prepare this matter for motion practice. Beyond simple discovery, WRTA has on more than one occasion been required to file documentation with the Court in an effort to resolve discovery disputes. On each occasion thus far, the Court has found that Plaintiff has failed to properly provide the requested discovery in a timely manner. Moreover, in its opposition, WRTA has indicated that it has already started preparing a motion for summary judgment. Accordingly, both the first and last *Grover* factors weigh against dismissal.

With respect to the costs incurred by WRTA, the Court notes that Jones' argument on this topic borders on frivolous. In his reply, Jones contends that the "discovery taken has equal value in any subsequent case." Doc. 51 at 6. However, Jones ignores that the sole claims in his current complaint are state and federal discrimination claims. By Jones' own admission, neither of these claims is supported by the facts learned in discovery. Instead, Jones has indicated that he intends on seeking relief under an entirely distinct legal theory if this matter is re-filed. Accordingly, WRTA would have incurred the costs of defending this action and gained very little, if any, useful information to defend against a re-filed action.

In addition, there is also little question that Jones has engaged in delaying tactics and failed to exercise any diligence. To date, Jones has not conducted a single

deposition, instead relying solely upon paper discovery. Moreover, time and again, Jones has failed to timely respond to discovery requests from WRTA. As such, this factor also weighs against dismissal.

Finally, Jones has given no reason for the need for the dismissal. As will be more fully addressed below with respect to Jones request to amend the complaint, Jones' reason for dismissal is unclear. Jones essentially states that he seeks to dismiss his discrimination claims and file solely state claims. In response, WRTA claims that Jones is engaged in forum shopping. The Court agrees.

In his motion, Jones never once mentions the dismissal of his state law discrimination claims. In its response, WRTA highlights that Jones' statements that the federal claims are unsupported by the evidence apply equally to his state law discrimination claims. It is only after WRTA makes this argument that Jones indicates that he is also seeking to dismiss his state law claims.[1]

Furthermore, the Court questions the timing of Jones' motion. Jones filed his motion two business days after a discovery conference with the Court. During that conference, the Court made it clear that Jones had not been complying with his discovery obligations. This motion then followed, clearly seeking a new forum in which to litigate. Based on the above, the motion to dismiss without prejudice is DENIED.

II. Amending the complaint

Fed.R. Civ.P. 15(a)(2) permits amendments to pleadings "only with the opposing party's written consent or the court's leave" and states that the "court should freely give leave when justice so requires." A court nevertheless should deny leave to amend in

---

[1] As detailed below, this statement directly conflicts with Jones' proposed amended complaint.

some circumstances, including when the motion results from "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Like WRTA, this Court cannot determine what Jones is seeking to do in his amendment. Jones' motion is captioned, "Motion to Amend the Complaint for Removal of Federal Claims[.]" Jones' motion asserts that discovery has revealed that Moore Counseling and Mediation Services was also involved in his alleged wrongful termination. Jones contends that the documents he received demonstrate "collusion" between Moore Counseling and WRTA. Jones also contends that discovery revealed that he has valid claims for breach of fiduciary duty, breach of contract, and negligence.

Jones' motion is difficult to follow for several reasons. First, Jones attached a proposed amended complaint to the motion. That proposed amended complaint does not add Moore Counseling as a party, nor does it allege any new causes of action. Instead, that new complaint contains one count, a state law race discrimination claim against WRTA. This is particularly problematic given that Jones contends in his reply brief that it was always his intention to dismiss the state law discrimination claim because it is unsupported by the evidence.

Moreover, Jones repeatedly claims that he is justified in amending the complaint because the amendment is supported by facts that were "recently discovered." In support, Jones claims that he became aware of these facts on January 14, 2010, when he received answers to interrogatories. However, the sole fact relied upon by Jones consists

of WRTA informing Jones that it received confirmation from Moore Counseling that Jones had failed to complete his mandatory anger management therapy.  Contrary to Jones' contentions, this fact was openly discussed during the Court's case management conference.  WRTA's counsel made it clear to the Court and Jones that his termination was the result of his unsuccessful completion of the anger management therapy.  That conference took place on November 9, 2009.  Jones' contention that he only learned of this fact in January, therefore, is severely undermined.

Jones has not indicated any other "new" evidence that gave rise to his additional claims.  Instead, Jones seems to be taking the position that since discovery has demonstrated the futility of his discrimination claims, this Court should let him choose a new avenue of discovery.  The Court declines to do so.  The discovery period in this matter was set to close on February 15, 2010.  While it has been slightly extended, that extension was necessitated by Jones' discovery failures.  Accordingly, Jones filed his motion to amend less than two weeks prior to the close of discovery and relies upon facts known from the inception of this matter.  The motion to amend, therefore, is DENIED.

IT IS SO ORDERED.

Dated: February 26, 2010         _____/s/ Judge John R. Adams_____
                                  JUDGE JOHN R. ADAMS
                                  UNITED STATES DISTRICT COURT